UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MARK A. CASSON | CIVIL ACTION NO. 18-1430 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| OFFICER PRINE | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Plaintiff Mark A. Casson, a prisoner at River Bend Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on October 31, 2018, under 42 U.S.C. § 1983. He names Officer Prine as Defendant.[1] For the following reasons, it is recommended that Plaintiff's claims be dismissed with prejudice.

**Background**

Plaintiff alleges that Officer Prine verbally harassed him on September 12, 2018. Plaintiff was sitting on a toilet in the bathroom when Officer Prine walked in to use a urinal. [doc. # 1, p. 3]. While Officer Prine was urinating and shaking his penis, he looked back at Plaintiff and, with a smile, stated, "Don't let me catch you staring at my penis while I'm pissing[.]" *Id.* Plaintiff "was confused and unsure of Officer Prine['s] intentions . . . ." *Id.*

Plaintiff reported his concerns to Lt. Clay and Lt. McVain, who, after questioning Prine, informed Plaintiff that Prine apologized and stated that it would not happen again. *Id.* Plaintiff seeks $80,000.00 in compensation for his "physical damages" and $100,000.00 in punitive damages. *Id.* at 4.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Sexual Harassment**

Sexual abuse of a prisoner by prison officials may amount to cruel and unusual punishment in violation of the Eighth Amendment. See *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). The sexual abuse or assault must be objectively and sufficiently serious: "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The prison officials involved must also have acted with deliberate indifference. *Id.* at 861; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Copeland v. Nunan*, 2001 WL 274738, *2 (5th Cir. Feb. 21, 2001).

"However, not every malevolent touching gives rise to a federal cause of action." *Copeland*, 250 F.3d at 743. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quotation marks and quoted source omitted). "Punishments incompatible with the evolving standards of decency that mark the progress of a maturing society or involv[ing] the unnecessary and wanton infliction of pain are repugnant to the Eighth Amendment." *Id.* at 10-11 (quotation marks and source omitted). Only "severe or repetitive" sexual abuse or harassment constitutes an Eighth Amendment violation. *Boddie*, 105 F.3d at 861.

Here, to the extent Plaintiff frames his claim as one of sexual harassment, he does not allege any injury or any sufficiently severe, repetitive, or repugnant abuse. Plaintiff alleges only that, on one occasion, Officer Prine uttered sexually suggestive comments and engaged in sexually suggestive behavior in a private setting. Plaintiff does not allege that Prine's conduct is or was repetitive, and he does not allege the kind of "severe" harassment or wanton and sadistic infliction of pain necessary to violate the Eighth Amendment.

The single, brief instance of harassment does not amount to a claim because it is not sufficiently indecent, serious, or pervasive. See *White v. Gutierez*, 274 F. App'x 349, 2008 WL 1745203 at *1 (5th Cir. April 15, 2008) (holding that an inmate claiming that prison guards sexually harassed him by denigrating his sexual orientation failed to state a claim); *Leflore v. Carroll-Montgomery RCF*, 2014 WL 1276494, at *3 (N.D. Miss. Mar. 27, 2014) (finding that "verbal taunts and rude gestures" do not amount to a Section 1983 claim); *Trackling v. Allen*,

2010 WL 5572774, at *1-2 (M.D. La. Nov. 23, 2010) (finding, where the plaintiff alleged only a single incident of sexual harassment occurring on a single date and involving no physical contact, that the plaintiff did not state a claim).[3] As Plaintiff's allegations do not establish an Eighth Amendment violation, this claim should be dismissed.[4]

### 3. Harassing Language and Threats

Verbal threats, without more, do not amount to a constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Further, allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under Section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Here, to the extent Plaintiff seeks relief solely for Prine's harassing or threatening remarks, he does not state a claim of constitutional dimension; thus, the claim should be dismissed. See *Jane Doe 5 v. City of Haltom City*, 106 F. App'x 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or

---

[3] See, e.g., *Boddie*, 105 F.3d at 861 (a small number of incidents of verbal harassment and touching were insufficient); *Copeland*, 2001 WL at *3 (inmate suffered unwanted touching); *Joseph v. Jackson Par. Corr. Ctr.*, 2018 WL 2033707, at *2 (W.D. La. Apr. 10, 2018) (finding no Eighth Amendment violation where a plaintiff alleged that, on one occasion, an officer forced him to remove his clothing, uttered inappropriate sexual comments, and "smacked" him); *Mitchell v. Miller-Roach*, 2011 WL 5865232, at *4 (N.D. Tex. Nov. 8, 2011) (allegations of sexual gestures and staring were insufficient); *Washington v. City of Shreveport*, 2006 WL 1778756, at *5 (W.D. La. June 26, 2006) (allegations that, over the course of four days, defendant fondled plaintiff's breast, touched her inner thigh, grabbed her wrist, verbally asked for sex, and made other sexual remarks were insufficient); *Buckely v. Dallas County*, 2000 WL 502845, *5 (N.D. Tex. April 27, 2000) (prison guards' fondling of inmate while conducting a routine search did not violate Eighth Amendment).

[4] "[I]solated, unwanted touchings by prison employees, though despicable . . . may potentially be the basis of state tort actions . . . [but] they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." *Copeland*, 250 F.3d at 743 (citations omitted).

inmate's constitutional rights[.]").

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Mark A. Casson's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 14th day of November, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE